961 F.2d 963
 140 L.R.R.M. (BNA) 2248, 295 U.S.App.D.C. 209
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
A.H. HANSEN SALES, LTD., Petitioner,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent.
 No. 91-1257.
 United States Court of Appeals, District of Columbia Circuit.
 April 22, 1992.
 
 Before WALD, HARRY T. EDWARDS and KAREN LECRAFT HENDERSON, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was considered on petition for review and cross-application for enforcement of an order of the National Labor Relations Board, and on the briefs filed by the parties and arguments by counsel. The arguments have been accorded full consideration by the court and occasion no need for a published opinion. See D.C.Cir.Rule 14(c). For the reasons set forth in the accompanying memorandum, it is
 
 
 2
 ORDERED and ADJUDGED that the petition for review be denied and the petition for enforcement be granted.
 
 
 3
 The clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15(b)(2).
 
 MEMORANDUM
 
 4
 A.H. Hansen Sales, Ltd. (Company) challenges the decision of the National Labor Relations Board (Board) to certify the Hawaii Teamsters and Allied Workers, Local 996, IBT, AFL-CIO (Union) as the exclusive bargaining representative of its employees. The Board cross-petitions seeking enforcement of its decision ordering the Company to deal fairly with the Union. The Company objects to the certification on the grounds that (1) the Board's initial decision to certify the Union was not supported by substantial evidence and (2) the Board's refusal to reopen the record to receive new evidence was arbitrary and capricious. Having reviewed the record, we conclude that the Board's findings are supported by substantial evidence and that its decision to refuse to reopen the record was neither arbitrary nor capricious. We therefore deny the Company's petition for review and enforce the Board's order.
 
 I.
 
 5
 On May 11, 1989, the Union filed a representation petition with the Board, seeking certification as the collective bargaining representative of the Company's drivers, warehousemen, loaders, meat handlers and maintenance employees. The Company consented to a Board-conducted election. The Union won the election by one vote.
 
 
 6
 The Company filed an objection to the election on the ground that Wayne Rivera and Derek Chu, two of the Company's supervisors, had participated in the Union's organizing efforts and meetings. A Board hearing officer rejected the Company's objection after finding that Rivera and Chu could not punish or reward employees and after noting that Rivera's and Chu's union participation was minimal.[1] The Company filed exceptions to the hearing officer's decision. It also filed a motion to reopen the record in order to include three affidavits which were executed after the hearing. In two of these affidavits, Rivera and Chu attempted to clarify their hearing testimony by (1) explaining that their power over employees was greater than their testimony had indicated and (2) disclosing additional participation in the Union's organizational activity. In addition, Blaise Nakagawa, an employee of the Company, executed an affidavit claiming that Rivera told him "I don't care who it is but if they (management) find out that we were the ones organizing this Union we'll kick their ass."
 
 
 7
 The procedural history of the Company's assignments of error and motion to reopen follows. On August 30, 1989, the Company filed its assignments of error. Attached to these assignments of error was a motion to reopen the record and the Rivera affidavit. The motion to reopen did not contain the information required under Board rules. The Board, however, initially rejected both the assignments of error and the motion to reopen as untimely. On September 26, 1989, the Company filed a motion to reconsider. Apparently agreeing with the Company's arguments on the timeliness question, on November 6, 1989, the Board granted the motion for reconsideration, decertified the Union and granted the Company's motion to file supplemental exceptions (Reconsideration Order).[2] On January 29, 1990, the Company filed a motion to supplement the record and included Chu's affidavit. Then, on February 6, 1990, the Company filed its supplemental exceptions and a supporting brief. In an order issued April 4, 1990 (Final Order), the Board reinstated the certification and denied the motion to reopen on the grounds that the allegedly new evidence was not shown to have been previously unavailable and that the initial motion to reopen failed to conform to Board rules.[3]
 
 
 8
 Following certification, the Union requested certain information from the Company. The Company refused and the Union filed an unfair labor practice charge. On May 7, 1991, the Board granted summary judgment in favor of the General Counsel, finding violations of sections 8(a)(5) and (1) of the National Labor Relations Act, 29 U.S.C. §§ 158(a)(5) and (1). The Company does not dispute the Board's unfair labor practice decision. Rather, the Company's petition to this court challenges the Board's decision to certify the Union.
 
 II.
 
 9
 The Company complains that the hearing officer erred in finding that Rivera's and Chu's participation in prounion activities did not affect the election. Participation by supervisors in prounion activities does not per se invalidate an election. See Napili Shores Condominium Homeowners' Ass'n v. NLRB, 939 F.2d 717, 719 (9th Cir.1991); NLRB v. Lake Holiday Assocs., Inc., 930 F.2d 1231, 1234 (7th Cir.1991). Such participation invalidates an election only if "the supervisor's conduct creates either an impression that the employer favors the Union or a fear of future retaliation." NLRB v. Cal-Western Transp., 870 F.2d 1481, 1484 (9th Cir.1989); see also Lake Holiday Assocs., 930 F.2d at 1234. The Company argues that Rivera's and Chu's conduct created fear of future retaliation. In assessing whether a supervisor's conduct creates fear of future retaliation, a court looks at (1) the extent of the supervisor's authority and (2) the extent of his prounion activities. Cal-Western Transp., 870 F.2d at 1484.
 
 
 10
 Based on their testimony, the hearing officer concluded that Rivera and Chu did not have the authority to hire, fire, discipline or otherwise reward or punish employees. These findings are supported by substantial evidence in the record. Although this finding alone would have been enough to validate the election, the hearing officer also found that because the supervisors did not initiate contact with the Union and withdrew from union activities as soon as it was decided that they were supervisors rather than employees, their participation was "not of the type nor of the extent that reasonably would have caused unit employees to fear reprisal or to hope for reward based on the outcome of the election." See Petitioner's Appendix at Tab 4, page 7 (footnote omitted). This finding is also supported by substantial evidence. We therefore conclude that the Board properly certified the Union.
 
 
 11
 The Company, however, argues that its proffered post-hearing affidavits would necessitate a different result. The Board's decision not to reopen the record will not be overturned unless it constitutes an abuse of discretion. NLRB v. Cutter Dodge, Inc., 825 F.2d 1375, 1380 (9th Cir.1987). In the text of its decision, the Board concluded: "the Employer's August 30, 1989 motion to reopen and January 25, 1990 motion to supplement the record are denied as lacking in merit as the Employer has shown in neither motion that the evidence sought to be adduced is newly discovered and previously unavailable." Final Order at 2. In a footnote, the Board explained that its holding rests on two alternative grounds. First, "the motions do not satisfy Sec. 102.65(e)(1) of the Board Rules and Regs. in that they do not set forth with specificity 'the error alleged to require a rehearing or hearing de novo, the prejudice to the movant alleged to result from such error, the additional evidence sought to be adduced, why it was not presented previously, and what result it would require if adduced and credited.' " Final Decision at 2 n. 3. Alternatively, the Board concluded that the affidavits of Rivera and Chu do not constitute newly discovered evidence because the Company "had complete access to and control over [them] as its supervisor[s] thoughout [sic] the proceeding." Id.
 
 
 12
 The initial motions to reopen and to supplement the record were inadequate in all respects noted by the Board. While the Board granted the Company's motion for reconsideration, it merely agreed to reconsider the original motion to reopen the record based on its conclusion that the motion had been timely filed. See Reconsideration Order at 1. It did not agree to consider additional reasons to reopen the record included in the Company's subsequently filed motion for reconsideration. We are satisfied that the Board's refusal to reopen the record can rest on the insufficiency of the motion alone.
 
 
 13
 The second part of footnote three discussed the merits of the motions. A motion to reopen should not be granted unless the evidence to be adduced is newly discovered and previously unavailable. 29 C.F.R. § 102.65(e)(1); Boston Insulated Wire & Cable Sys., Inc. v. NLRB, 703 F.2d 876, 880 (5th Cir.1983). In the Fifth Circuit's view, affidavits of employees do not constitute newly discovered evidence if the employees were under the employer's control during the initial hearings. Id. In Waterbed World, 289 N.L.R.B. 808, 808-09 (1988), however, the Board held that an employee's affidavit recanting earlier material testimony does constitute previously undiscoverable evidence warranting the reopening of the record. Our review of the Rivera and Chu affidavits reveals that to the extent they recant testimony at all, they do not recant material testimony. Much of the information in the affidavits concerns the extent of Rivera's and Chu's participation in the organizational activities of the Union and the extent of their ability to hire, fire and assign employees. None of this information was undiscoverable by the Company before the hearing. The Company was necessarily aware of the extent of Rivera's and Chu's supervisory duties and could have corrected any inaccuracies in their hearing testimony. In addition, the Company was aware of Rivera's and Chu's prounion activities before the hearing because Joe Dacey, the Company's CEO, had discussed the issue with Rivera after being informed by two employees of Rivera's participation. See Petitioner's Appendix at Tab 6, page 55. Because the number of employees in the relevant bargaining unit was small, thirty employees in all, the Company could have questioned some or all of them to determine the full extent of Rivera's and Chu's participation. The Company failed to do so, however, and cannot now maintain that the information in the Rivera and Chu affidavits was previously undiscoverable.[4]
 
 
 14
 We are troubled, however, by the Board's attempt to distinguish its decision in Waterbed World on the ground that Waterbed World involved recantation by an employee instead of a supervisor. See Final Order at 2 n. 3. Presumably, however, an employer has no control over a witness who decides to recant whether that witness is a supervisor or an employee; in either case the employer cannot foresee that decision. If this case in fact turned on recanted testimony and the Board had concluded that the affidavits would not constitute newly discovered evidence based solely on the status of the affiants, that conclusion would be flawed. Because this case does not involve recanted testimony, however, the Board's ill-advised reference to Waterbed World does not affect the disposition of the case.
 
 III.
 
 15
 For the foregoing reasons, the Company's petition for review is denied and the Board's cross-petition is granted.
 
 
 
 [1]
 The hearing officer concluded that Rivera's and Chu's participation was minimal based on the facts that they did not initiate the contact between the Company's employees and the Union and that they ceased their participation in union activities once it was agreed they were supervisors not employees
 
 
 [2]
 One Board member dissented from this ruling, reasserting that the assignments of error were untimely and noting that the motion to reopen was "lacking in merit since the Employer has not shown that the evidence sought to be adduced is newly discovered or previously unavailable." Reconsideration Order at 1 n. 3
 
 
 [3]
 See discussion of section 102.65(e)(1) of the Board's Rules and Regulations, infra at 5
 
 
 [4]
 Although the Board's order did not mention the Nakagawa affidavit, we note that the affidavit does not appear to contain any new relevant information. It expressed the belief that Rivera and Chu did not have the authority or ability to affect an employee's job status. The alleged threat was thus not tied to Rivera's and Chu's supervisory status and could just as easily have been made by another employee. Because there was no correlation between the threat and Rivera's and Chu's authority as supervisors, it is irrelevant to the issue of supervisory influence on the election. In addition, the threat cannot excuse the Company's failure to adduce evidence regarding the extent of Rivera's and Chu's participation in union activities. As we note above, before the hearing the Company knew of at least two employees who were willing to discuss Rivera's and Chu's activities. See Petitioner's Appendix at Tab 6, page 55