961 F.2d 1578
 140 L.R.R.M. (BNA) 2248
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
EDWARD COOPER PAINTING, INC.; Cooper and Cooper Painting, a
Partnership; Cooper and Cooper Painting, Inc., Respondents.
 No. 91-6050.
 United States Court of Appeals, Sixth Circuit.
 May 5, 1992.
 
 Before RYAN, Circuit Judge, and ENGEL and CONTIE, Senior Circuit Judges.
 
 
 1
 JUDGMENT ENFORCING AN ORDER OF THE NATIONAL LABOR RELATIONS BOARD.
 
 
 2
 On November 6, 1986, this court entered a judgment affirming and enforcing in full the backpay provisions of the order of the National Labor Relations Board (the "Board") against Respondents Edward Cooper Painting, Inc. and Cooper and Cooper Painting, a partnership. NLRB v. Edward Cooper Painting, Inc., 804 F.2d 934 (6th Cir.1986). On June 6, 1991, following a hearing before an Administrative Law Judge, the Board entered its Supplemental Order adopting the findings and conclusions of the Administrative Law Judge and ordering Edward Cooper Painting, Inc., Cooper and Cooper Painting, a Partnership, and Cooper and Cooper Painting, Inc., their officers, agents, successors and assigns, the pay the amount of backpay in accordance with the recommended Supplemental Order of the Administrative Law Judge. The Board now seeks summary enforcement of its June 6, 1991, order. Respondents have not responded to the application for summary enforcement.
 
 
 3
 It therefore is ORDERED AND ADJUDGED that the Respondents, Edward Cooper Painting, Inc., Cooper and Cooper Painting, a Partnership, and Cooper and Cooper Painting, Inc., their officers, agents, successors, and assigns, shall make whole the employees named in the Amended Compliance Specification, as modified in the Administrative Law Judge's Supplemental decision, the amounts of backpay set forth therein and as recalculated in the respects described in the Administrative Law Judge's Supplemental Decision where required by this Judgment. Respondents shall pay net backpay, plus interest accrued to the date of payment, to each such employee and shall withhold and pay all tax withholding required by federal and state law. Interest on amounts accrued prior to January 1, 1987, shall be computed in accordance with Florida Steel Corp., 231 NLRB 651 (1977). Interest on amounts accrued from January 1, 1987, shall be computed in accordance with New Horizons for the Retarded, 283 NLRB 1173 (1987). Backpay shall continue to accrue until Respondents comply with this judgment.